UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THADEOUS J. WEBBER,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

Case No. 6:13-cv-00520-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff Thadeous Webber seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying his application for child's insurance benefits and supplemental security income (SSI) under Tiles II and XVI of the Social Security Act. This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be affirmed.

**STANDARDS**

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on August 21, 1987. He has completed highschool and has significant training as a glass blower. Plaintiff first applied for benefits on September 14, 2006. The claims

were denied initially and plaintiff did not appeal. On April 23, 2009, plaintiff protectively filed an application for SSI and an application for child's insurance benefits based on disability on his father's work record. On March 25, 2010, an application for child's insurance benefits based on disability on his mother's work record was joined to his claim. In all applications, plaintiff alleged a disability onset date of August 15, 2006. These claims were denied initially and upon reconsideration.

At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on September 15, 2011. Plaintiff, who was represented by counsel, appeared and testified, as well as plaintiff's aunt, former roommate, and an independent vocational expert (VE).

On October 14, 2011, the ALJ issued a decision finding that plaintiff was not disabled under the Social Security Act. Tr. 63.[1] The ALJ found that the determinations on plaintiff's previous applications were final and binding; therefore, the ALJ dismissed plaintiff's request for a hearing as it related to the period of August 15, 2006 through June 19, 2008, on grounds of *res judicata*. Tr. 49. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since the alleged onset date. Tr. 52, Finding 2. At step two, the ALJ found that since the alleged onset date, plaintiff has suffered from the following medically determinable severe impairments: status post traumatic brain injury; status post bilateral shoulder dislocations/fractures; attention-deficit disorder; depressive disorder; history of childhood-onset conduct disorder; history of impulse control disorder; and a history of substance abuse in remission. Tr. 52, Finding 3. After considering plaintiff's severe and non-severe impairments,

---

[1] "Tr." refers to the Transcript of the Administrative Record.

the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 52-54, Finding 4.

Considering the record, the ALJ found that plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except: plaintiff is capable of carrying/lifting ten pounds in either hand, he can occasionally reach overhead with the right but not the left upper extremity, and he can have only brief, superficial contact with coworkers, supervisors, and the public. Also, plaintiff is capable of performing tasks learned in three months or less with simple work-related decisions and few workplace changes. Tr. 54. The ALJ found that, at all times relevant to this decision, the claimant has been unable to perform any past relevant work. Tr. 61-62. Based on plaintiff's age, the ALJ found that plaintiff was a younger individual on the alleged disability onset date. Tr. 62. Based on plaintiff's age, RFC, education, work experience, and testimony from the VE, the ALJ determined that plaintiff is able to perform work existing in significant numbers in the national economy, such as ampoule sealer, final assembler, and lens gauger. Tr. 62-63. Therefore, the ALJ concluded that plaintiff is not disabled. Tr. 63.

The Appeals Council reviewed the ALJ's decision. On February 22, 2013, the Appeals Council adopted the ALJ's findings, including the finding that plaintiff was not disabled. However, the Appeals Council disagreed with the ALJ's application of *res judicata* for the period from August 15, 2006 through June 19, 2008. Instead, the Appeals Council considered plaintiff's claim for that period on the merits and found that he was not disabled. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff sets forth the following arguments: (1) the ALJ did not adequately evaluate the opinion of psychologist David Freed, Ph.D.; (2) the ALJ did not adequately evaluate the opinion of physician Debra Glasser, M.D.; (3) the ALJ did not adequately evaluate the statements of plaintiff's father, William Dunn; (4) the Appeals Council erred by finding that the ALJ's RFC applied to the period of August 15, 2006 through June 19, 2008; and (5) the court should reopen plaintiff's prior applications.

### 1.     David Freed, Ph.D

Plaintiff argues that the ALJ erred by rejecting certain opinions of examining psychologist, David Freed, Ph.D, while crediting others. Specifically, plaintiff contends that the ALJ ignored Dr. Freed's statements that plaintiff has "significant symptoms of depression" and "brain injury and related depressive symptoms exacerbate [plaintiff's] impulse control disorder . . . he is in need of assistance." Pl.'s Brief at 10-11 (citing Tr. 803). However, nothing suggests that the ALJ did not take the totality of Dr. Freed's statements into consideration. In fact, the ALJ found that plaintiff suffered from depressive disorder and had a history of impulse control disorder. Tr. 52. The ALJ accounted for the effects of these severe impairments by limiting him to brief, superficial contact with coworkers, supervisors, and the public. Tr. 54. While plaintiff disagrees with the ALJ's interpretation of the evidence, the ALJ is the final arbitrator. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). This court must defer to the ALJ if evidence exists to support more than one rational interpretation. *Guzman v. Comm'r of Soc. Sec. Admin.*, 493 Fed. Appx. 850, 851-52 (9th Cir. 2012). Therefore, the ALJ did not err in analyzing the opinion of Dr. Freed.

**2. Debra Glasser, M.D.**

Plaintiff argues that the ALJ did not provide sufficient reasons for rejecting the opinions of Dr. Glasser. Doctor Glasser opined that plaintiffs ability to perform work-related mental activities is severely impaired; plaintiff is anxious, restless, has poor impulse control, and inappropriate emotional responses; and plaintiff could only perform productively on a part-time basis in a sheltered work environment with employers of severely mentally disabled individuals. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

In this case, the ALJ provided specific and legitimate reasons for rejecting the opinion of Dr. Glasser. First, the ALJ stated that Dr. Glasser's opinion was "without substantial support from the other evidence of record, including her own longitudinal treatment history of claimant." Tr. 60. Inconsistency between a doctor's opinion and her own medical records provides a specific and legitimate reason for rejecting that doctors opinion. *Tommasetti*, 533 F.3d at 1041. The ALJ also reasoned that Dr. Glasser's opinion relied too heavily on plaintiffs subjective report of symptoms and limitations, which the ALJ found were not credible. Tr. 59, 60. An ALJ may reject a treating doctor's opinion if it is based to a large extent on the plaintiffs self-reports that have been deemed incredible. *Tommasetti*, 533 F.3d at 1041. Finally, the ALJ reasoned that he afforded Dr. Glasser's opinion little weight because she treated plaintiff on only one occasion before issuing her opinion. Because the ALJ provided specific and legitimate reasons for rejecting Dr. Glasser's opinions, this court finds that the ALJ did not err.

///

**3. William Dunn**

Plaintiff argues that the ALJ did not provide sufficient reasons to reject the lay witness testimony of plaintiffs father, William Dunn. Mr. Dunn reported that plaintiff gets agitated when things do not go his way, has trouble planning his daily activities, gets disoriented and agitated under stress, and would do best with a clear consistent routine. The ALJ considered this testimony in limiting plaintiff to brief and superficial interactions with the public, coworkers, and supervisors. However, plaintiff argues that the ALJ did not adequately consider Mr. Dunn's testimony that plaintiff exhibited emotional outbursts that may be violent. An ALJ need only give germane reasons for discrediting the testimony of a lay witness. *Morales v. Colvin*, 534 Fed. Appx. 589, 592 (9th Cir. 2013). In this case, the ALJ stated that some of Mr. Dunn's opinions were contradicted by other reports and the observations of Dr. Freed. The observations of Dr. Freed that directly contradict the opinion of plaintiffs father were described in detail earlier in the ALJ's opinion. Specifically, the ALJ found that plaintiff is polite when he wants to be and personable and engaging when in a comfortable setting. Because the ALJ provided germane reasons to reject some of Mr. Dunn's opinions, this court finds no error.

**4. Findings of the Appeals Council**

Plaintiff argues that the Appeals Council erred by finding that the ALJ's RFC for the subsequent period also applied to the period of plaintiffs previous applications, August 16, 2006 through June 19, 2008. Upon review of the medical evidence of record, the Appeals Council concluded that plaintiff "recovered substantially within twelve months of his traumatic brain injury in August 2006"; and therefore, the Appeals Council did not find that plaintiffs functional limitations during that period were greater than those found by the ALJ. While plaintiff does not

agree with the Appeals Council's interpretation of the medical evidence, this court must defer to the Commissioner's decision even if evidence exists to support more than one rational interpretation. *Guzman,* 493 Fed. Appx. at 851-52.

Plaintiff has failed to demonstrate that the medical evidence does not support the Appeals Council's decision. Plaintiff asserts that, in reaching its decision, the Appeals Council considered isolated supporting evidence rather than the record as a whole. While plaintiff admits that his condition improved, he identifies two facts in evidence that are not consistent with the Appeals Council's reasoning. First, plaintiff states that, on June 25, 2008, he was in a confrontation with the police and threatened his father with a knife. However, this incident occurred after the time period relevant to the Appeals Council's decision. Additionally, the ALJ adequately addressed these issues in establishing plaintiff's RFC. Specifically, the ALJ identified those incidents and cited evidence which states that plaintiff appears to be more personable when he is motivated and in a comfortable setting. Tr. 59. "These factors are consistent with the residual functional capacity for low stress positions with only superficial contact with others." Tr. 59. Second, plaintiff states that, on February 24, 2009, he was found cutting himself and walking on a railroad track. This incident also occurred after the time period relevant to the Appeals Council's decision, and it was adequately addressed by the ALJ. The ALJ discussed that the gesture was in the context of perceived rejections and that substance abuse was an integral part of that particular episode. Tr. 57. Moreover, the ALJ found that it was a "situational issue" as opposed to a reflection of plaintiff's daily functioning. Tr. 60.

In sum, the evidence raised by plaintiff fails to demonstrate that the Appeals Council's decision is unsupported by the record. The evidence is more relevant to the time period that was

addressed by the ALJ, and the ALJ discussed that particular evidence at length. Therefore, the court does not find that the Appeals Council erred in applying the ALJ's RFC to the period of August 16, 2006 through June 19, 2008.

**5. Plaintiff's Request to Reopen Prior Applications**

Plaintiff argues that the Commissioner reopened his prior applications by considering evidence from those prior applications to adjudicate the merits of this case. Even though the Appeals Council relied on evidence from plaintiff's prior application to decide the current matter, the Appeals Council concluded that plaintiff was not disabled at any time from August 15, 2006 through June 19, 2008. Therefore, the fact that the case was reopened is of no relevance. The Appeals Council made a determination on the merits and plaintiff's argument is moot.

**CONCLUSION**

This court concludes that the Acting Commissioner's findings were based upon correct legal standards and were supported by substantial evidence existing in the record. The Acting Commissioner's decision denying Thadeous J. Webber benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 11 day of April, 2014.

Ancer L. Haggerty
United States District Judge